UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEWEL EVERN DYER,<br><br>Plaintiff,<br><br>v.<br><br>JOYCE SPEARS; TIMOTHY PEARCE,<br><br>Defendants. | Case No. 24-cv-07439-JSC<br><br>**ORDER OF DISMISSAL; DENYING PENDING MOTIONS**<br><br>Re: Dkt. Nos. 5, 6, 9, 10, 11, 13, 14 |

**INTRODUCTION**

Plaintiff, an inmate in the Mendocino County Jail, filed this civil rights complaint against one current and one former jail official.[1] (ECF No. 1 at 2.) Plaintiff also applied for leave to proceed in forma pauperis ("IFP"). The Court ordered Plaintiff to show cause why leave to proceed IFP should not be denied under 28 U.S.C. § 1915(g) because he has had three dismissals that qualify as "strikes" under that section. *See* 28 U.S.C. § 1915(g). He was cautioned that his failure to do so would result in the dismissal of this case without prejudice to Plaintiff bringing his claims in a new civil rights case in which he pays the filing fee. (ECF No. 7.) For the reasons discussed below, Plaintiff has failed to show cause why his IFP application should not be denied under Section 1915(g); so, his IFP application is DENIED, and the case is DISMISSED without prejudice. Plaintiff's other pending motions are also resolved below.

**DISCUSSION**

1. Section 1915(g)

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. 1915 "if the prisoner has, on 3 or

---

[1] The Clerk shall add Defendant Timothy Pearce to the Court's docket. (*See* ECF No. 1 at 2.)

more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The prisoner bears the ultimate burden of persuasion that Section 1915(g) does not bar pauper status for him. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

As explained in the order to show cause:

> Plaintiff has had three cases that qualify as dismissals under Section 1915(g), i.e. "strikes." *See Dyer v. Mendocino County, et al.,* No. C 23-3814 JSC (PR) (dismissed for failure to state a claim upon which relief may be granted); *Dyer v. Warden, et al.*, No. C 23-5762 JSC (PR) (dismissed for failure to state a claim upon which relief may be granted); *Dyer v. United Staes Supreme Court, et al.*, No. C 24-0493 JSC (PR) (dismissed for failure to state a claim upon which relief may be granted).[]
>
> As Plaintiff has at least three strikes, he may not proceed in forma pauperis unless he was in "imminent danger of serious physical injury" when he filed this case. 28 U.S.C. § 1983. The plain language of the imminent danger clause in Section 1915(g) indicates that "imminent danger" is to be assessed at the time the prisoner filed his case. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Moreover, "the imminent danger exception to § 1915(g) requires a nexus between the alleged imminent danger and a prisoner's complaint" which is established if (1) the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) a favorable judicial outcome would redress that injury. *Ray v. Lara*, 31 F.4th 692, 695, 701 (9th Cir. 2022). The complaint alleges Plaintiff has had a variety of medical problems dating as far back as 2013. (ECF No. 1 at 3-10.) It is unclear from the complaint if these conditions presented an imminent danger of serious physical injury at the time he filed the complaint. To proceed in forma pauperis, Plaintiff must identify any such danger and explain its nexus to the complaint in accordance with *Ray*.

(ECF No. 1:24-2:14 (footnote omitted).)

In his response to the order to show cause, Plaintiff does not dispute that he has three or more prior "strike" dismissals. (ECF No. 8.) Rather, he argues his case falls under the "imminent danger" exception to Section 1915(g) because the water in his jail is "destroying his stomach" and "caused artificial lactose intolerance (& permanent anal leakings)." (ECF No. 8 at 1.) [2]

---

[2] The complaint and proposed amended complaints allege a variety of medical issues dating as far

A court "should not make an overly detailed inquiry into whether the allegations qualify for the [imminent danger] exception" to Section 1915(g). *Andrews*, 493 F.3d at 1055. It is sufficient if the plaintiff "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* (quoting 28 U.S.C. § 1915(g)). Plaintiff does not plausibly allege he faced an in imminent danger of serious physical injury. His allegation that drinking the jail water caused "artificial lactose intolerance" is implausible, his allegation that the water is "destroying" his stomach is vague and conclusory, and it is unclear and unexplained what Plaintiff means by "permanent anal leakings."³ (*See* ECF No. 8 at 1.) Similarly, his allegation in the complaint that the water caused "lactose intolerance" does not include enough factual allegations to make plausible, and that it caused "gut/stomach problems" is vague and conclusory. (ECF No. 1 at 1.)

Furthermore, under the two-part test of *Ray*, Plaintiff has not established there is a nexus between his claims and the imminent danger of stomach problems. It appears the stomach problems are "fairly traceable" to complaint allegations of unlawful conditions. (*See* ECF No. 1 at 1 ¶ 1 (alleging water caused "lactose intolerance, gut/stomach problems")).⁴ *See Ray*, 31 F.4th at 701. However, under *Ray*'s second requirement, a favorable judicial outcome would not redress the injury. *See id.* Plaintiff seeks declaratory relief, money damages, and an injunction to "fix the showers" and release him from custody. (ECF No. 1 at 11.) Neither declaratory relief, money damages, nor fixing showers would change the water he drinks or redress any resulting stomach

---

back 2013-14, almost all of which long preceded the filing of this complaint in October 2024. (ECF No. 1 at 3-10; ECF No. 9 at 4-13; ECF No. 11 at 3-16*.) The only medical problem he asserts as grounds for the imminent danger exception is his stomach problems. (*See* ECF No. 8.) *The page numbers for ECF No. 11 refer to Plaintiff's page numbers at the top center of each page.

³ The Court notes in a proposed amended complaint, he alleges he is "incurring wiping several times a day," and has diarrhea and gas. (ECF No. 11 at 27 ¶ 17.) Such conditions are not plausibly considered a "serious" injury for purposes of the imminent danger exception. *Compare*, *e.g.*, *Andrews*, 493 F.3d at 1055 (allegation that plaintiff is at risk of contracting HIV or hepatitis C was sufficient to bring his complaint within the imminent danger exception); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged ongoing danger where he had repeatedly been housed near enemies, despite his protests, and where he filed his complaint very shortly after being attacked by an enemy).

⁴ The Court notes the proposed amended complaints raise this issue. (*See* ECF No. 9 at 14 ¶ 4 ("

3

injuries. Plaintiff argues release from custody would redress the injuries, but release from custody is not a remedy that is available to Plaintiff in a civil rights action. *See Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (holding the "exclusive remedy" for a prisoner who seeks "immediate or speedier release" from confinement is a federal habeas petition, not a civil rights action). Therefore, Plaintiff has failed to satisfy the second requirement for a nexus between the asserted imminent danger and his claims in the complaint.

Plaintiff has not shown he faced an imminent danger of a serious physical injury at the time he filed the complaint, and in any event, the danger he allegedly faced does not have a sufficient nexus to Plaintiff's claims to warrant exempting him from being denied IFP under 28 U.S.C. § 1915(g). Consequently, Plaintiff has failed to show cause why his IFP application should not be denied under Section 1915(g), and the case will be dismissed without prejudice to refiling his claims in a new case in which he pays the filing fee.

2.  Motions

Plaintiff has filed two motions to amend his complaint. Because the case is being dismissed without prejudice to refiling if he pays the filing fee, he may not file an amended complaint in this case. Accordingly, the motions to file an amended complaint (ECF Nos. 9, 11), as well as Plaintiff's request to amend a proposed amended complaint (ECF No. 13), will be denied.

Plaintiff has also filed two motions for appointment of counsel. (ECF Nos. 6, 14.) There is no right to counsel in a civil case such as this. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). The basis for this motion is that he does not have legal training, he is indigent, and his access to legal materials and photocopies is limited while in custody. As Plaintiff is not eligible to proceed IFP, and the case is being dismissed without prejudice, the location and appointment of pro bono counsel is not warranted.

Plaintiff has filed a request for photocopies. (ECF No. 12.) To obtain photocopies, he must complete and submit the Court's photocopy request form. Two copies of the form will be

4

sent to him in conjunction with this order.

## CONCLUSION

For the foregoing reasons, Plaintiff's application for leave to proceed IFP (ECF No. 5) is DENIED, and the case is DISMISSED without prejudice.  In light of this decision, the motions to amend the complaint (ECF Nos. 9, 11, 13) and to appoint counsel (ECF Nos. 6, 14) are DENIED.  The motion "to change time" to screen his amended complaint (ECF No. 10) is DENIED as moot.

The Clerk shall enter judgment and close the file.  The Clerk shall also send Plaintiff two copies of the court's photocopy request form.

This order resolves docket numbers 5, 6, 9, 10, 11, 13 and 14.

**IT IS SO ORDERED.**

Dated: September 22, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge